407 So.2d 685 (1981)
STATE of Louisiana
v.
Willie BRUINS. (Two Cases)
Nos. 81-KA-1065, 81-K-1100.
Supreme Court of Louisiana.
December 14, 1981.
*686 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., R. Greg Fowler, Asst. Dist. Atty., for plaintiff-appellee.
Henry H. Lemoine, Jr., of Lemoine & Saucier, Pineville, for defendant-appellant.
WATSON, Justice.
Two issues are presented in these consolidated matters:
(1) Did defendant, Willie Bruins, intend to commit armed robbery; and
(2) Should his sentence as an habitual offender be without parole, probation or suspension of sentence, the conditions which would have been imposed on a sentence for the underlying offense of armed robbery?
Willie Bruins' motion for a directed verdict was denied and a jury found him guilty of armed robbery, LSA-R.S. 14:64. Because of a 1977 forgery conviction, he was billed as an habitual offender. Bruins was sentenced to 33 years at hard labor, the minimum legal sentence under the Habitual Offender Law, LSA-R.S. 15:529.1, subd. A(1).[1] The trial court rejected the state's contention that the sentence should be without parole, probation or suspension of sentence, because there is no language imposing those conditions in the sentencing statute. The state's writ application was granted to consider the issue. Since defendant had appealed his conviction, consolidation was ordered.

THE APPEAL
Directed verdicts cannot be entered in jury trials and Bruins' motion was properly denied. LSA-C.Cr.P. art. 778. *687 Defendant contends the state failed to prove that he had the specific intent to commit armed robbery. The question is whether a rational trier of fact could have found the requisite intent proven beyond a reasonable doubt. State v. Edwards, 400 So.2d 1370, 1372 (La., 1981); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Armed robbery is a theft committed by taking property from another person by force or intimidation while armed with a dangerous weapon. LSA-R.S. 14:64. There is no express requirement of specific intent. However, an essential element of the crime of theft is the specific intent to permanently deprive the victim of the stolen property. LSA-R.S. 14:67. Since armed robbery is a species of theft, the state must show that the defendant had the intent necessary for the offense of theft.
Shirley Arthur, an employee at Mary J's Mini Mart, closed the store at 10:00 P.M. and walked toward her car. A gold and white Cadillac without lights came into the illuminated parking area. She climbed into her vehicle and locked the door. Bruins approached her car with a silver gun in his hand. He demanded that she open the door and give him money. She explained that she did not have the store's receipts and offered to give him her billfold. Bruins reached across her body and snatched her purse from the middle of the seat. He reentered the Cadillac on the passenger side. Shirley Arthur described Bruins as a short bearded man with a tattoo. The Cadillac was stopped shortly after the crime. The purse and Arthur's checkbook were on the floorboard. Other contents of the purse and a silver-plated revolver were found nearby on the shoulder of the road. Bruins, a female companion, and the male driver of the car were arrested. The woman testified against Bruins. Arthur also identified Bruins as the culprit. Bruins testified that he got in the car just before it was stopped. A rational fact-finder could nonetheless easily conclude that Bruins took Arthur's property with the intention of keeping it permanently. State v. Sonnier, 317 So.2d 190 (La.,1975).

THE SENTENCE
LSA-R.S. 14:64 B provides that one convicted of armed robbery shall be sentenced without benefit of parole, probation or suspension of sentence. The habitual offender law does not specifically require these conditions. LSA-R.S. 15:529.1, subd. A(1), supra.
It is not a crime to be an habitual offender. The statute increases the sentence for a recidivist. The penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute.
One convicted of a second felony is ineligible for probation or suspension of sentence. LSA-C.Cr.P. art. 893(A). An armed robber can be sentenced without benefit of parole under the habitual offender statute. State v. Overton, 337 So.2d 1201 (La.,1976). State v. Wilson, 363 So.2d 445 (La.,1978) involved an armed robber sentenced as an habitual offender. The opinion states that the "... sentence is without benefit of parole, probation, or suspension of sentence." 363 So.2d at 447.
Bruins' sentence as an habitual offender based on an underlying conviction of armed robbery should be without parole, probation, or suspension of sentence.

DECREE
For the foregoing reasons, the conviction is affirmed but the sentence is vacated and the matter is remanded for re-sentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
DENNIS, J., dissents in part, concurs in part with reasons.
DENNIS, Justice dissenting in part and concurring in part.
I concur in the decision insofar as it affirms the defendant's conviction but respectfully *688 dissent from vacating the defendant's sentence.
There is substantial doubt that the legislature's aim was to provide for sentencing as a habitual offender "in the same manner as" the basic offense. At the time La.R.S. 15:529.1 became effective in 1956, Acts 1956 No. 312, only violations of the uniform narcotic drug act under La.R.S. 40:981 denied parole eligibility on a sentence less than life imprisonment. See Acts 1952 No. 429; Acts 1954 No. 682. The armed robbery statute, La.R.S. 14:64, was not amended to provide for a sentence denying parole eligibility until Act No. 475 of 1962. Accordingly, it does not seem possible that the legislature in 1956 could have intended, by enactment of the habitual offender law, anything except an increase in the number of years of a sentence in certain cases. The majority's interpretation of the statute, in the light of this legislative history, is clearly at odds with our well established rule that, in deciding whether the legislature intended for a defendant's act to be punishable by a more or less severe penalty, in the absence of an express legislative intent, any doubt should be resolved in favor of lenity, and not so as to multiply the penalty imposed upon the defendant. State v. Young, 357 So.2d 503 (La.1978); State v. Cox, 344 So.2d 1024 (La.1977) and cases cited therein.
NOTES
[1] LSA-R.S. 15:529.1, subd. A(1) provides:

"(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction; ..."