HUGHES, J.
| ¡/The defendant, James Thomas, was charged by bill of information with one count of vehicular homicide (Count I), a violation of LSA-R.S. 14:82.1, and one count of fourth or subsequent offense driving while intoxicated (Count II), a violation of LSA-R.S. 14:98, and pled not guilty on both counts. The charges were severed and, following a jury trial on Count I, he was found guilty as charged.[1] Thereafter, the State filed an habitual offender bill of information against the defendant, pursuant to LSA-R.S. 15:529.1, alleging he was a fourth-felony habitual offender.[2] He was originally sentenced to twenty years imprisonment at hard labor, with the first year to be served without the benefit of parole. After he was adjudicated a fourth-felony habitual offender, the trial court vacated the previously imposed sentence and sentenced the defendant to forty years imprisonment at hard labor.
On appeal to this court, we found the State failed to prove the ten-year “cleansing period” had not lapsed in regard to predicate number one, and thus, we affirmed the conviction on Count I, reversed the habitual offender adjudication, vacated the habitual offender sentence, reinstated the original sentence on vehicular homicide, and remanded for further proceedings on the habitual offender bill. See State v. Thomas, 2005-2210 (La.App. 1 Cir. 6/9/06), 938 So.2d 168, 177, writ denied, 2006-2403 (La.4/27/07), 955 So.2d 683 (“Thomas I”). Upon remand, the State abandoned its allegations in regard to predicate number one, the defendant was adjudicated a third-felony habitual offender, the trial court vacated the original sentence, and on July 22, 2010 the trial court sentenced the defendant to thirty-five years imprisonment at hard labor.
On the second appeal to this court, while reviewing the record in the proceedings under LSA-C.Cr.P. art. 920(2), we found sentencing error, in that the trial court failed to impose the sentence in conformity with the reference statute. While the sentence imposed on the defendant was within the range provided by the habitual offender law, we noted that the trial court may have imposed a different term had it been aware of the conditions required by the reference statute. Thus, we affirmed the habitual offender adjudication, vacated the habitual offender sentence, and remanded for resentencing. See LSA-R.S. 14:32.1(B) (prior to amendment by 2012 La. Acts, No. 662, § 1; 2008 La. Acts, No. 451, § 2; 2006 La. Acts, No. 294, § 1; 2004 La. Acts, No. 750, § 1; and 2004 La. Acts, No. 381, § 1).[3] See also State v. *877 Thomas, 2010-1926, 2011 WL 3806127 (La.App. 1 Cir. 8/10/11) (unpublished) (“Thomas II”).
On remand, the trial court sentenced the defendant, on December 12, 2011, to thirty-five years imprisonment at hard labor, with one year to be served without benefit of parole, ordered the defendant to pay a $2,000 fine, and ordered the defendant to participate in and successfully complete a |4court-approved substance abuse program. Subsequently, the defendant filed a motion for appeal, and, on appeal, counsel for the defendant has filed a brief raising no assignments of error and contending that there are no non-frivolous issues to argue on appeal. For the following reasons, we vacate the sentence imposed on December 12, 2011 and reinstate the trial court’s July 22, 2010 sentence.
STATEMENT OF FACTS
The facts were set forth in our original decision in this matter, as follows:
On or about February 14, 2004, at approximately 8:30 p.m., Officers Brook Angelette and Kurt Landry (both of the Greater Lafourche Port Commission Harbor Police) left their office in separate police units to conduct street patrol. The two officers were responding to an electrical power outage that had just occurred in the area. After receiving a dispatch regarding a utility pole, the officers headed toward Louisiana Highway 1 in Lafourche Parish. The officers promptly arrived at the scene of a downed utility pole and electrical wires lying across the highway. Traffic was stalled due to the downed pole and wires. The officers observed an overturned (upside down) 1985 GMC Jimmy utility-style vehicle in a body of water located off the shoulder of Louisiana Highway 1, just south of Louisiana Highway 39. An adult male and a male child (the defendant and his eight-year-old son) walked up the bank toward the highway. The officers asked the defendant if anyone else was in the vehicle, and the defendant informed them that his daughter (the eight-year-old victim) was still in the vehicle. The officers ran into the water toward the vehicle. They ultimately pulled the victim, who was restrained in the front passenger seat at the time of their approach, out of the vehicle and took her to the shoulder of the highway.
Officer Angelette attempted to perform CPR on the victim but could not detect any vital signs. The autopsy revealed the victim’s cause of death to be a broken neck and severed spinal column, injuries consistent with the victim having been a restrained guest passenger in a vehicle that was involved in a high-impact collision. The defendant’s blood-alcohol concentration, determined from a blood sample taken at 10:50 p.m. (on the night of the accident) at Terrebonne General Medical Center, was .24 grams percent.
See Thomas I, 938 So.2d at 171 (footnote omitted).
|,ANDERS BRIEF
Defense counsel has filed a brief containing no assignments of error and a motion to withdraw. Defense counsel has reviewed the procedural history and record of the case. In her motion to withdraw, referring to the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), counsel indicated that after a “conscientious and thorough review of the trial court record,” she could *878 find no non-frivolous issues to raise on appeal. See also State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam); State v. Benjamin, 573 So.2d 528, 530-31 (La.App. 4 Cir.1990).
The Anders procedure used in Louisiana was discussed in Benjamin, 573 So.2d at 529-31, sanctioned by the Louisiana Supreme Court in Mouton, 653 So.2d at 1177, and expanded by the Louisiana Supreme Court in Jyles. According to Anders, 386 U.S. at 744, 87 S.Ct at 1400, “if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” To comply with Jyles, appellate counsel must not only review the procedural history of the case and the evidence, but his brief also must contain “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, 704 So.2d at 242 (quoting Mouton, 653 So.2d at 1177). When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Because we find patent error as stated hereinafter, we deny counsel’s motion to withdraw.
| «PATENT ERROR
Louisiana Code of Criminal Procedure Article 920 directs an appellate court to consider on appeal errors discoverable by an inspection of the pleadings and proceedings. Our independent review of the record in this case reveals that an error was made when the matter was previously reviewed, in Thomas II, wherein this court held that the trial court’s failure to impose sentence in the habitual offender proceeding in conformity with the underlying criminal reference statute, LSA-R.S. 14:32.1,[4] was patent error. We affirmed the habitual offender adjudication, but vacated the habitual offender sentence and remanded for resentencing. We now recognize that there is a division of opinion among the circuit courts of appeal on this issue, and we herein review the jurisprudence and render a decision consistent with the most recent ruling of the supreme court.[5]
In Thomas II, we held that “[t]he conditions imposed on the [habitual offender] sentence are those mandated in the reference statute,” citing State v. Bruins, 407 So.2d 685, 687 (La.1981). In Bruins, the supreme court stated:
LSA-R.S. 14:64 B provides that one convicted of armed robbery shall be sentenced without benefit of parole, probation or suspension of sentence. The habitual offender law does not specifically require these conditions. LSA-R.S. 15:529.1, subd. A(l), supra.
... The [habitual offender] statute increases the sentence for a recidivist. The penalty increase is computed by reference to the sentencing provisions of the underlying offense. 17SimiIariy, the conditions imposed on the sentence are those called for in the reference statute.
One convicted of a second felony is ineligible for probation or suspension of sentence. LSA-C.Cr.P. art. 893(A). An *879 armed robber can be sentenced without benefit of parole under the habitual offender statute. State v. Overton, 337 So.2d 1201 (La.1976). State v. Wilson, 363 So.2d 445 (La.1978) involved an armed robber sentenced as an habitual offender. The opinion states that the “... sentence is without benefit of parole, probation, or suspension of sentence.” 363 So.2d at 447.
Bruins’ sentence as an habitual offender based on an underlying conviction of armed robbery should be without parole, probation, or suspension of sentence.
State v. Bruins, 407 So.2d at 687. See also State v. Fraser, 484 So.2d 122 (La.1986).
Subsequently, appellate courts applied the Bruins rationale to require inclusion in an habitual offender sentence of a mandatory fine required by the underlying criminal reference statute. See State v. Fletcher, 2003-60 (La.App. 5 Cir. 4/29/03), 845 So.2d 1213, 1222, which held that, since the underlying criminal statute mandated a fine, a remand for imposition of the fine was required. See also State v. Evans, 2008-0417 (La.App. 1 Cir. 10/31/08), 998 So.2d 197, 206, writ denied, 2008-2840 (La.6/19/09), 10 So.3d 732, habeas corpus denied sub nom. Evans v. Cain, 2012 WL 2565001 (E.D.La.2012), which held that, in sentencing an habitual offender, failure to impose the fine mandated by the reference statute is error, but an appellate court may decline to correct the error when the issue has not been raised on appeal, since it is not inherently prejudicial to the defendant. Compare State v. Normand, 98-1312 (La.App. 5 Cir. 5/19/99), 735 So.2d 901, 907, writ denied, 99-1687 (La.11/12/99), 749 So.2d 653, wherein the appellate court refused to correct an habitual offender sentence to add a fine made mandatory by the reference statute.
IsNotably, both State v. Bruins and State v. Fraser dealt with a trial court’s failure to restrict a sentence as to parole, probation, or suspension of sentence and, as such, were not directly on point with the issue before this court, namely, the failure to impose a fine required by a reference statute. Whereas the habitual offender statute, LSA-R.S. 15:529.1, now provides in Paragraph (G) that “[a]ny sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence,”[6] no similar change has been made to the habitual offender statute to require imposition of a mandatory fine required by an underlying criminal reference statute. Rather, the habitual offender statute provides, in LSA-R.S. 15:529.1(D)(3), that “[w]hen the judge finds that [the offender] has been convicted of a prior felony or felonies, ... the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed.... ” (Emphasis added.)
State v. Dickerson, 584 So.2d 1140 (La.1991) (per curiam), is directly on point, and in a two-paragraph decision the supreme court stated:
La.Rev.Stat. 15:529.1 requires that the sentencing judge vacate the original sentence and resentence the defendant as a multiple offender. In resentencing, the judge must impose a sentence authorized by La.Rev.Stat. 15:529.1. That statute does not authorize the imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment. The trial judge was therefore without authority to impose a fine on resentencing under La.Rev.Stat. 15:529.1.
Accordingly, the fine and default provisions of defendant’s sentence are de *880 leted. The application is otherwise denied.
Because the holding of State v. Dickerson governs this particular issue and prohibits imposition of a fine in an habitual offender sentencing, despite the requirement of a fine in the reference statute, this court must conform its decisions to this ruling. See Oliver v. Magnolia Clinic, 2011-2132 (La.3/13/12), 85 So.3d 39, 44 (noting that “trial courts and courts of appeal are bound to follow the last expression of law of the Louisiana Supreme Court”).
The Second, Third, and Fifth Circuits have followed State v. Dickerson in numerous published decisions. See State v. Cross, 46,996 (La.App. 2 Cir. 2/29/12), 91 So.3d 995, 1002: State v. Cass, 46,228 (La.App. 2 Cir. 4/13/11), 61 So.3d 840, 845, writ denied, 2011-1006 (La.11/4/11), 75 So.3d 922; State v. Marshall, 45,567 (La.App. 2 Cir. 9/22/10), 47 So.3d 1083, 1091, writ denied, 2010-2411 (La.2/25/11), 58 So.3d 457; State v. Gipson, 45,121 (La.App. 2 Cir. 4/14/10), 34 So.3d 1090, 1098-99, writ denied, 2010-1019 (La. 11/24/10), 50 So.3d 827; State v. Dyas, 45,065 (La.App. 2 Cir 3/3/10), 32 So.3d 364, 372, writ denied, 2010-0759 (La.11/19/10), 49 So.3d 397; State v. Johnlouis, 2009-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, 1153, writ denied, 2010-0097 (La.6/25/10), 38 So.3d 336, cert. denied, — U.S. -, 131 S.Ct. 932, 178 L.Ed.2d 775 (2011); State v. Ealy, 44,252 (La.App. 2 Cir. 5/13/09), 12 So.3d 1052, 1059, writ denied, 2009-1393 (La.2/5/10), 27 So.3d 298; State v. Thomas, 2008-1171 (La.App. 5 Cir. 4/28/09), 13 So.3d 595, 602; State v. Dotie, 43,819 (La.App. 2 Cir. 1/14/09), 1 So.3d 833, 840, writ denied, 2009-0310 (La.11/6/09), 21 So.3d 297, State v. Morris, 43,522 (La.App. 2 Cir. 9/17/08), 996 So.2d 306, 313; State v. Moore, 2006-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 39 n. 2; State v. Williams, 2004-1016 (La.App. 5 Cir. 3/29/05), 901 So.2d 527, 533, writ denied, 2005-1080 (La.12/9/05), 916 So.2d 1056; State v. Reichard, 2004-110 (La.App. 5 Cir. 7/27/04), 880 So.2d 97, 104; State v. Jetton, 32,893 (La.App. 2 Cir. 4/5/00), 756 So.2d 1 1206, 1217, writ denied, 2000-1568 (La.3/16/01), 787 So.2d 299; State v. Thomas, 95-1646 (La.App. 3 Cir. 5/8/96), 680 So.2d 37, 40.
After careful review of the issue, we agree with the Second, Third, and Fifth Circuits that we are constrained by State v. Dickerson to hold that LSA-R.S. 15:529.1 does not authorize the assessment of the fíne mandated in the underlying criminal reference statute when imposing an habitual offender sentence, and, if a trial court has imposed such a fine, it must be set aside as error. Accordingly, we recall our prior order to the trial court, issued in Thomas II, requiring resentenc-ing in accordance with the sentencing restrictions imposed in the underlying criminal reference statute, and vacate the trial court’s December 12, 2011 sentence complying with this court’s prior order.[7] We further reinstate the trial court’s July 22, 2010 thirty-five year sentence, to be served at hard labor in the custody of the Louisiana Department of Public Safety and Corrections, with credit for time served.
DECEMBER 12, 2011 SENTENCE VACATED; JULY 22, 2010 SENTENCE *881 REINSTATED; DEFENSE COUNSEL’S MOTION TO WITHDRAW DENIED.
McCLENDON, J., concurs and assigns reasons.

. Count II was nol-prossed by the State.

. Predicate number one was set forth as the defendant's August 16, 1979 conviction, under Twenty-fourth Judicial District Court docket number 78-1302, for simple burglary. Predicate number two was set forth as the defendant's January 13, 1994 conviction, under Fifty-fourth Judicial District Court (Texas) docket number 93-489-C, for theft by check over $750. However, the State abandoned this allegation prior to the court’s decision on the habitual offender status of the defendant. Predicate number three was set forth as the defendant's November 26, 1996 commission of criminal mischief over $1,500 and under $20,000 in the Fifty-fourth Judicial District Court (Texas) docket number 05-57356 CR296-664-C. Predicate number four was set forth as the defendant’s August 26, 2002 guilty plea, under Ascension Parish docket number 14749, to third-offense driving while intoxicated.

.At the time of the offense in this case, February 14, 2004, LSA-R.S. 14:32.1(B) provided for a sentence of imprisonment “with or without hard labor for not less than two years nor more than twenty years,” with “[a]t least one year of the sentence” to be imposed "without benefit of probation, parole, or suspension of sentence.” In addition, LSA-R.S. 14:32.1(B) authorized imposition of a fine of "not less *877 than two thousand dollars nor more than fifteen thousand dollars.”

. The fine mandated by LSA-R.S. 14:32.1 was not imposed.

. We do not find the "law of the case” doctrine prohibits review of this issue. The "law of the case” doctrine is similar to stare decisis and res judicata and maintains that a court should not revisit an issue that it decided earlier in the course of the same proceeding. The doctrine applies to an appellate court's revisit, on a subsequent appeal, of an issue that the court decided in an earlier appeal or after a grant of supervisory writs. However, the doctrine is discretionary and will not be applied where "manifest injustice” would result. See Frank L. Maraist, 1A La. Civ. L. Treatise, "Civil Procedure — Special Proceedings," § 4.7 Law of the Case (2012 ed.).

. Paragraph (G) of LSA-R.S. 15:529.1 was added by 1987 La. Acts, No. 774, § 1," and amended by 2010 La. Acts, No. 69, § 1 (to add “at hard labor”).

. We note that, in resentencing the defendant, following the Thomas II remand, the trial court also ordered that one year of the defendant's sentence be served without benefit of parole and ordered that the defendant participate in and successfully complete a court-approved substance abuse program. However, on reconsideration of the Thomas II decision, we choose not to require resentencing on any portion of the trial court’s original sentence on the habitual offender conviction, assuming any portion thereof was illegally lenient, since the State did not object to the original sentence on the habitual offender conviction, by the filing of an appeal or an application for supervisory review. See State *881 v. Price, 2005-2514 (La.App. 1 Cir. 12/28/06), 952 So.2d 112, 124-25 (en banc), writ denied. 2007-0130 (La.2/22/08), 976 So.2d 1277 (holding that an appellate court "may" correct an illegally lenient sentence, but it is not required to take such action). We further note that while LSA-R.S. 15:529.1(G) requires that an habitual offender sentence be imposed "without benefit of probation or suspension of sentence," the habitual offender statute makes no mention of "parole,” which was required to be restricted under the reference statute, LSA-R.S. 14:32.1, for at least one year (at the time of this 2004 offense). We recognize, but decide to leave for another day, that a question is thereby raised as to whether State v. Bruins, cited hereinabove, would control in such a circumstance and require sentencing in accordance with the reference statute, as to parole (since State v. Bruins is procedurally distinguishable from the instant case, in that, in State v. Bruins, the State had sought supervisory review of the trial court's failure to restrict the habitual offender sentence in accordance with the reference statute).