NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 12-568

STATE OF LOUISIANA

VERSUS

JAMES LEE BURKS, III

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 37725-11
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED AS AMENDED WITH INSTRUCTIONS.**

**John Foster DeRosier**
**Fourteenth Judicial District Court**
**District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia St.**
**Rayville, LA 71269**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **James Lee Burks, III**

**EZELL, Judge.**

Defendant was convicted of six counts of possession of a firearm by a convicted felon, one count of conspiracy to commit armed robbery, three counts of armed robbery and armed robbery with a firearm, and one count of assault by drive-by shooting on June 24, 2011.[1] Sentencing was scheduled for October 14, 2011. However, the State filed a habitual offender bill on that date alleging Defendant was a fourth and subsequent habitual offender. The trial court arraigned Defendant on the charge. Defendant tendered a plea of no contest. Defendant was adjudicated a fourth and subsequent habitual offender pursuant to La.R.S. 15:529.1. He was sentenced to eleven concurrent terms of life imprisonment to be served without the benefit of parole, probation, or suspension of sentences.

Defendant did not file a motion to reconsider the sentences. However, he has perfected a timely appeal and asserts the life sentences are shocking and constitutionally excessive.

## FACTS

The events which resulted in Defendant's multiple convictions took place between November 2008 and May 2009. During this time, there were three armed robberies, which occurred on December 12 and 13, 2008, and May 3, 2009. These robberies involved five victims, one of whom was shot during the robbery. There was also a drive-by shooting on May 15, 2009, which resulted in permanent injury to an innocent bystander. There were group discussions on who to rob and how to commit the robberies. There were several participants in these activities: Defendant's wife, Kayla Miller Burks; Alissa LaComb; Leonard "Mooney" Hansbrough; Jay Don

_____

[1]Defendant's convictions are currently before this court on appeal under docket number 12-567.

Rubin, Defendant's brother; Lorenzo Reed, another brother; Jamesa Burks, Defendant's sister; John "Nate" Nathan Truitt; and someone known only as "LaHerbert." Defendant also had a video made of him pointing and firing a gun and had pictures taken of him holding the gun. At the time Defendant committed these offenses, he had three prior felony convictions and was on probation.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There are two errors patent found in this court reviewing of the record.

The trial court improperly denied the Defendant parole eligibility on the sentence imposed on the conviction of assault by drive-by shooting, a violation of La.R.S. 14:37.1. Although Section G of La.R.S. 15:529.1 requires all enhanced sentences to be imposed without benefit of probation or suspension of sentence, it does not authorize the trial court to impose enhanced sentences without benefit of parole. "[T]he restrictions on parole eligibility imposed on multiple offender sentences under La.R.S. 15:529.1 'are those called for in the reference statute.'" *State v. Tate*, 99-1483, pp. 1-2 (La. 11/24/99), 747 So.2d 519, 520 (citation omitted) (quoting *State v. Bruins*, 407 So.2d 685, 687 (La. 1981)). The penalty provision for assault by drive-by shooting, the reference statute, does not authorize the trial court to impose any portion of the sentence without benefit of parole. La.R.S.14:37.1. Consequently, we amend the Defendant's sentence imposed on the conviction of assault by drive-by shooting to delete the denial of parole eligibility and instruct the trial court to make an entry in the minutes reflecting this change. *State v. Dossman*, 06-449, (La.App. 3 Cir. 9/27/06), 940 So.2d 876, *writ denied*, 06-2683 (La. 6/1/07), 957 So.2d 174.

The record does not indicate that the trial court advised the Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. The trial court is directed to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof in the record that the Defendant received the notice. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENT OF ERROR

Defendant argues that the habitual offender sentence of eleven concurrent life sentences are excessive considering that he was only twenty-eight years old at the time he was sentenced and not the worst of offenders.

Initially, as noted, Defendant did not file a motion to reconsider the sentences. Louisiana Code of Criminal Procedure Article 881.1(A)(1) provides that "within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence." However:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

La.Code Crim.P. art. 881.1(E).

While Defendant did not make or file a motion to reconsider his sentence, we will review Defendant's argument as a bare claim of excessiveness. *State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682.

This court has set out a standard to be used in reviewing excessive sentence claims:

La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (alteration in original).

Louisiana Revised Statutes 15:529.1(A), in pertinent part, provides:

(4) If the fourth or subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:

(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[.]

Defendant received the maximum sentence. As a general rule, maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So.2d 665. At the sentencing hearing, Defendant argued for leniency noting that he had grown up in extreme poverty and that he "had absolutely no economic opportunity growing up." The State argued that he had all the opportunity he needed after the State agreed to amend the armed robbery he committed in 2003 to simple robbery and again in February 2009 when he was convicted of possession of cocaine and given probation, even while he was committing the offenses which resulted in the current underlying convictions. The State argued Defendant should receive, if not life sentences, at the minimum, a sentence of one hundred and four years pursuant to La.R.S. 15:529.1 as a fourth and subsequent felony offender. Defendant countered that "it's not even alleged that he did kill somebody in this case. Life sentences are reserved for people who murder other people. He didn't murder somebody else, okay, and that's not even alleged that he did."

After reviewing the convictions, the trial court noted:

[N]o matter how tough Mr. Burks' life might have been growing up, there's many people that grew up just like that that actually aren't criminals, aren't robbing and shooting people, and they're actually working for a living and trying to be a good citizen. . . . and to say that, you know, life sentences are reserved for killings, well, it's not because he didn't—you know that he didn't do something that could have killed somebody that's the reason he's not here on a murder charge. I mean when you shoot somebody or you shoot at somebody, you shoot at somebody's home where either you know that there are people there or that you don't care whether there are people in there, you know, somebody could have easily been killed. Multiple people could have been killed throughout this whole process.

So to give him credit because despite his efforts nobody died, something is wrong with that way of thinking. I mean it's fortunate for him that he didn't kill anybody with his reckless and intentional behavior.

The trial judge is in the best position to assess the aggravating and mitigating circumstances presented by each case. In this case, the trial court heard all the testimony at trial regarding Defendant's criminal activity. As stated by the trial court, it was only coincident that no one was killed during Defendant's various criminal sprees. One robbery victim was shot when Defendant fired at his fleeing car. Another victim, an elderly woman who happened to be sitting outside while Defendant and his gang shot up the neighborhood, suffered partial paralysis when she was struck by a bullet in the back. The trial court also heard testimony that Defendant started a street gang he called "NWNE," which stood for "No Witnesses, No Evidence." Defendant had the letters tattooed on his neck.

In *State v. Stipe,* 10-877, pp. 10-11 (La.App. 3 Cir. 3/9/11), 59 So.3d 480, 486-87 (last alteration in original), wherein the defendant was convicted of armed robbery with the use of a firearm and second degree kidnapping, this court stated:

> The Louisiana Supreme Court has long held that imprisonment itself is not necessarily cruel and unusual, even if the term of imprisonment is lengthy or if the sentences are imposed consecutively. *See State v. Donahue,* 408 So.2d 1262 (La.1982). Further, courts have upheld consecutive sentences that result in terms of imprisonment for longer than a defendant's natural life. In *State v. Wood*, 08-1511 (La.App. 3 Cir. 6/3/09), 11 So.3d 701, a panel of this court held that three consecutive, mandatory life sentences for second-degree murder arising from the same incident were not unconstitutionally excessive.
>
> Also, in [*State v.] Hymes*, [04-320 (La.App. 5 Cir. 10/12/04),] 886 So.2d 1157, [*writ denied*, 04-3102 (La. 4/1/05), 897 So.2d 599] a panel of the fifth circuit upheld a total sentence of 138 years for multiple counts of armed robbery. In finding that the defendant's sentences were appropriate because of the separate and distinct nature of the acts, the fifth circuit quoted the trial court's reasons for denying the defendant's motion for reconsideration, stating " '[e]ach sentence for each crime was

the appropriate sentence for that crime;  Mr. Hymes just happened to commit a large number of them.' " *Id.* at 1164.

We cannot say that the trial court abused its considerable discretion when it sentenced Defendant to eleven life terms of imprisonment, to be served concurrently. There is no merit to this assignment of error.

## DECREE

This court affirms Defendant's sentences.  We amend the Defendant's sentence imposed on the conviction of assault by drive-by shooting to delete the denial of parole eligibility.  The trial court is instructed to make an entry in the minutes reflecting this change.  The trial court is directed to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof in the record that the Defendant received the notice.

**AFFIRMED AS AMENDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal.  Rule 2-16.3.