STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2021 KA 1356

STATE OF LOUISIANA

VERSUS

JASON DONTRELL CHATMAN

JUDGMENT RENDERED:    JUN 2 9 2022

* * * * * * *

Appealed from
The Thirty-Second Judicial District Court
Parish of Terrebonne • State of Louisiana
Docket Number 703,288 • Division E

The Honorable Randall L. Bethancourt, Presiding Judge

* * * * * * *

| | |
|---|---|
| Joe Waitz<br>*District Attorney*<br>Jay J. Luke<br>*Assistant District Attorney*<br>Houma, Louisiana | COUNSEL FOR APPELLEE<br>PLAINTIFF—STATE OF LOUISIANA |
| Mary C. Haynes<br>*Louisiana Appellate Project*<br>New Orleans, Louisiana | COUNSEL FOR APPELLANT<br>DEFENDANT—Jason Dontrell<br>Chatman |

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND THERIOT, JJ.

**WELCH, J.**

The State of Louisiana charged the defendant, Jason Dontrel Chatman, by amended bill of information with illegal possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. The defendant pled not guilty. Following a jury trial, the jury found the defendant guilty as charged. Thereafter, the State filed a habitual offender bill of information against the defendant, alleging he was a third-felony habitual offender.[1] Following a hearing, the trial court adjudicated the defendant a third-felony habitual offender and sentenced him to twenty-five years at hard labor without benefit of probation or suspension of sentence. The defendant moved for reconsideration of sentence, but the trial court denied the motion.

The defendant appealed to this court alleging ineffective assistance of counsel at sentencing and various *pro se* claims, which he failed to brief, and thus, abandoned.[2] **State v. Chatman**, 2017-0132 (La. App. 1st Cir. 9/15/17), 2017 WL 4082285, at *2 (unpublished) ("**Chatman I**"). We noted patent error, finding that the sentence, although within the proper sentencing range (thirteen years, four months – forty years),[3] failed to restrict the benefit of parole.[4] **Chatman I**, 2017 WL 4082285, at *2. We also found that applying La. R.S. 15:301.1(A) on the illegally lenient sentence by operation of law would impinge upon the trial court's sentencing discretion because had the court recognized that the defendant's habitual offender sentence should be imposed without benefit of parole, it might

---

[1] Predicate #1 was set forth as the defendant's July 7, 2009 guilty plea, under 17th Judicial District Court Docket #458626, to illegal carrying of a weapon while in possession of a controlled dangerous substance. Predicate #2 was set forth as the defendant's March 19, 2014 guilty plea, under 17th Judicial District Court Docket #521369, to aggravated flight from an officer.

[2] See Uniform Rules–Louisiana Courts of Appeal, Rule 2-12.4(B)(4).

[3] See La. R.S. 15:529.1(A)(3)(a) (prior to amendment by 2017 La. Acts Nos. 257, § 1 and 282, § 1 (eff. Nov. 1, 2017)).

[4] See La. R.S. 14:95.1(B); **State v. Bruins**, 407 So.2d 685, 687 (La. 1981) ("the conditions imposed on the [habitual offender] sentence are those called for in the reference statute.").

2

have imposed a different sentence. Accordingly, we affirmed the conviction and habitual offender adjudication, but vacated the sentence and remanded to the trial court for resentencing. We pretermitted discussion of the claims of ineffective assistance of counsel. *Id.*

Upon remand, in an *ex parte* hearing where only the State was represented, the trial court "amend[ed]" the sentence to twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant appealed, challenging the resentencing as being in violation of La. C.Cr.P. art. 835 and his constitutional rights. We found the assignments of error to have merit, vacated the sentence, and remanded for resentencing for a second time. **State v. Chatman,** 2020-0592 (La. App. 1st Cir. 2/19/21), 320 So.3d 1167 ("**Chatman II**").

Upon remand, in the presence of the defendant with counsel, the trial court sentenced the defendant to twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant moved for reconsideration of sentence, but the trial court denied the motion. The defendant now appeals, challenging the effectiveness of counsel at the original sentencing hearing.[5] For the following reasons, we affirm the defendant's sentence.

## FACTS

On October 8, 2009, the defendant pled guilty to possession of cocaine. The probation and parole termination date for the offense was October 20, 2012. On July 19, 2015, in Terrebonne Parish, the defendant fled from police officers attempting to arrest him for failure to appear. During the ensuing chase, the defendant removed a 9mm handgun from his waistband. The defendant discarded

---

[5] In **Chatman I**, the defendant argued trial counsel was ineffective in failing to: investigate the defendant's bipolar disorder; obtain and present documentation to the trial court to prove the defendant was suffering and being treated for bipolar disorder near in time to the offense; and obtain and present testimony from an expert to explain the nature of bipolar disorder and offer an opinion on whether the mental defect influenced the defendant's behavior on the day of the offense and his subsequent disruptive behavior in court. See **Chatman II**, 320 So.3d at 1169 n.2.

the weapon when ordered to do so.

## INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

In his sole assignment of error, the defendant contends that his trial counsel rendered ineffective assistance at the original sentencing hearing by failing to: (1) investigate the defendant's mental illness, *i.e.*, his diagnosed bipolar disorder; (2) obtain and present documentation to the court to show that the defendant suffers from the disorder; and (3) obtain and present testimony from an expert, *e.g.*, a psychiatrist or psychologist, who could explain the nature of bipolar disorder to the court and who could offer an opinion on whether the mental defect might have influenced the defendant's behavior on the day of the incident. Citing the reasons for sentencing, the defendant notes, "[t]he trial court did not acknowledge that [the defendant] had been diagnosed with bipolar disorder and was being treated for such with medication near in time to the incident in question." The defendant concludes, "[i]t is apparent that the trial court did not properly regard [the defendant's] mental illness, bipolar disorder, as a mitigating factor when sentencing him."

The State responds that appellate counsel assumes that the defendant's trial counsel was ineffective for failing to obtain records of a diagnosis of bipolar disorder, but "it is possible that trial counsel could not obtain such records because none existed. Trial counsel did submit a report showing a diagnosis of major depression but there is no mention of Bipolar Disorder or any mental health issues."[6] Further, the State argues the trial court considered the defendant's "mental/emotional" problems in imposing sentence, specifically noting that the defendant's mental and emotional problems did not justify a downward departure.

A claim of ineffectiveness of counsel is analyzed under the two-pronged test

---

[6] In addition, defense counsel submitted evidence of the defendant's prescribed medication used to treat a diagnosis of bipolar disorder.

developed by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Second, the defendant must prove that the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that the defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. **State v. Eason**, 2019-0614 (La. App. 1st Cir. 12/27/19), 293 So.3d 61, 72-73. In the context of sentencing, if a defendant can show a reasonable probability that, but for counsel's error, his sentence would have been different, a basis for an ineffective assistance claim may be found. **State v. Dunnagan**, 2016-0187 (La. App. 1st Cir. 9/20/16), 277 So.3d 378, 381.

The trial court filed written reasons for the enhanced sentence. See La. R.S. 15:529.1(D)(3) ("[t]he court shall provide written reasons for its determination."). The trial court set forth that the defendant's third-felony habitual offender adjudication was predicated upon his 2009 conviction for illegal carrying of a weapon while in possession of a controlled dangerous substance and his 2014 conviction for aggravated flight from an officer. The trial court noted the defendant committed the latter offense while on parole for the former offense. The trial court noted the defense stipulated to the defendant's 2009 felony conviction

for possession of cocaine, which the State used to support the current weapons conviction. The trial court found "[the defendant's] criminal history does not end there, however." The trial court set forth that other criminal prosecutions against the defendant in Terrebonne Parish had resulted in a *nolle prosequi* being entered on a charge of second degree battery and misdemeanor convictions for possession of marijuana, aggravated assault (three offenses), and simple battery. The trial court stated the enhanced sentencing range for the offense was "13.33 – 40" years without benefit of probation or suspension of sentence.[7] See La. R.S. 14:95.1(B); La. R.S. 15:529.1(A)(3)(a) (prior to amendment by 2017 La. Acts Nos. 257, §1 and 282, §1 (eff. Nov. 1, 2017)). The trial court imposed a sentence of 25 years at hard labor without benefit of probation or suspension of sentence to be served consecutively to any other sentence the defendant was serving.

The reasons for the enhanced sentence reflect the trial court considered the fact that defendant was 27 years old, that no substantial grounds existed tending tend to excuse his criminal conduct, and that "the legislature's intent to protect society from serious physical harm that may result when convicted felons possess firearms." The trial court found the particular incident could have easily turned violent or lethal, as the defendant was armed with a weapon as he fled from law enforcement officers. Further, the trial court noted the instant offense was not the defendant's first weapons charge. The trial court also found the defendant's criminal record indicated "he is inclined to arm himself with a dangerous weapon with little provocation and without hesitation. In doing so, he puts the safety and welfare of the general public at risk." The trial court specifically found "[the defendant's] substance abuse, mental/emotional and other health concerns or learning disabilities [did] not warrant a downward departure from the habitual

---

[7] In **Chatman I**, this court found any enhanced sentence in this matter was also required to be imposed without benefit of parole. **Chatman**, 2017 WL 4082285, at *2.

6

offender sentencing range." The trial court also cited the defendant's lack of remorse, and it found that the defendant had been "impervious to rehabilitation." The trial court noted the defendant had reoffended at least once while on parole. The trial court further noted the defendant's misbehavior was not curbed by the solemnity of the criminal trial process or by the possibility of his reincarceration. The trial court referenced the fact that at trial, the defendant had violently upended counsel's table and interrupted proceedings to such an extent that he had to be removed from the courtroom. The trial court concluded:

> The purpose of the habitual offender law is to deter and punish recidivism. **State v. Baker**, [20]06-2175 (La. 10/16/07), 970 So.2d 948, [955,] cert. den[ied,] 555 U.S. 830, [129 S.Ct. 39, 172 L.Ed.2d 49] (2008). A sentence of less than 25 years will not satisfy these goals. [The defendant] appears to believe himself to be above the law. It is highly likely, if not probable, that he will reoffend if he is not removed from society for a considerable time.

Initially, we note the allegation that trial counsel performed deficiently relies upon the defendant actually having a "diagnosed bipolar disorder." However, the only reference to this alleged diagnosis in the record is a comment by defense counsel at trial during the testimony of Terrebonne Parish Sheriff's Office Detective Lieutenant Kody Allen Voisin. The State was attempting to elicit testimony from Detective Lieutenant Voisin that the defendant had stated, "I fucked up." Outside of the presence of the jury, defense counsel objected that the statement was made without advice of rights and when the defendant "was not in such a state of mind as to make any such statement knowing, intelligent, and voluntary[.]" Additionally, defense counsel stated, "[e]ven though it's an excited utterance, I think it's an excited utterance that is the result of an untreated medical condition." Defense counsel claimed, if called, the defendant's mother would testify that, at the time of the statement, the defendant was "[b]ipolar and ADHD and had just began receiving treatment from Terrebonne Mental Health. And that since, has not been on his medicines." The court overruled the objection without

7

any further testimony.

Further, defense counsel presented evidence of the defendant's mental disorder, if any, at the sentencing hearing. Defense counsel introduced into evidence a January 15, 2009 form from the Terrebonne Mental Health Center with a typewritten portion indicating the defendant was a patient that was "being treated for a significant mental illness." Handwritten in the diagnosis section of the form was "major depression with psychotic features." The medications section of the form listed Lexapro, Risperdal,[8] and Benadryl. Defense counsel also introduced a photograph of a prescription bottle, with the defendant's name, for Paroxetine, as well as internet search results stating, "**Lexapro is used** to treat anxiety in adults and major depressive disorder in adults and adolescents who are at least 12 years old[;]" "**Risperidone** is an antipsychotic medication. It works by changing the effects of chemicals in the brain. **Risperidone is used** to treat schizophrenia and symptoms of bipolar disorder (manic depression). **Risperidone** is also **used** in autistic children to treat symptoms of irritability[;]" "**Paroxetine is used** to treat depression, panic attacks, obsessive-compulsive disorder (OCD), anxiety disorders, and post-traumatic stress disorder."

Concerning evidence of prejudice to the defendant, the record provides no support for the claim that "the trial court did not properly regard [the defendant's] mental illness, bipolar disorder, as a mitigating factor when sentencing him." To the contrary, the reasons for the enhanced sentence indicate the trial court fully considered "[the defendant's] substance abuse, mental/emotional and other health concerns or learning disabilities," but found these mitigating factors insufficient to outweigh the numerous aggravating factors in this matter. Accordingly, the defendant has shown no reasonable probability that his sentence would have been different had trial counsel presented evidence of the defendant's alleged diagnosed

---

[8] Risperdal is the brand name for risperidone.

bipolar disorder.  See **State v. Parker**, 2016-1016 (La. App. 1ˢᵗ Cir. 2/17/17), 2017 WL 658256, at *13, <u>writ denied</u>, 2017-0509 (La. 12/15/17), 231 So.3d 637, <u>cert. denied</u>, ___ U.S. ___, 138 S.Ct. 2575, 201 L.Ed.2d 297 (2018) (rejecting a claim of ineffective assistance of counsel for failing to present mitigating evidence because "the district court was fully aware of, and specifically pointed out in its reasons [defense arguments bolstered by the mitigating factors].").

This assignment of error is without merit.

## CONCLUSION

For all of the above and foregoing reasons, the defendant's sentence is affirmed.

**SENTENCE AFFIRMED.**