**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2022 KA 0561**

STATE OF LOUISIANA

VERSUS

BRITTANY JOILE PALMER SULLIVAN

Judgment Rendered: **NOV 1 7 2022**

\* \* \* \* \* \*

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 41072
Honorable Erika W. Sledge, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Scott M. Perrilloux<br>District Attorney<br>and<br>Zachary Daniels<br>Assistant District Attorney<br>Livingston, Louisiana | Counsel for Plaintiff/Appellee<br>State of Louisiana |
| Peggy J. Sullivan<br>Louisiana Appellate Project<br>Monroe, Louisiana | Counsel for Defendant/Appellant<br>Brittany Joile Palmer Sullivan |

\* \* \* \* \* \*

**BEFORE: McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

**McCLENDON, J.**

Defendant, Brittany Joile Palmer Sullivan, was charged by amended bill of information with principal to possession with intent to distribute less than 28 grams of methamphetamine, a schedule II controlled dangerous substance (CDS), a violation of LSA-R.S. 40:967(A) & (B)(1)(a). She pled not guilty. Following a jury trial, defendant was found guilty as charged. She moved for a post-verdict judgment of acquittal. Thereafter, the State filed a habitual offender bill of information against defendant, alleging she was a third-felony habitual offender.[1] During the hearing on the habitual offender bill, the court denied the motion for post-verdict judgment of acquittal,[2] and immediately thereafter, defendant was adjudged a third-felony habitual offender and sentenced to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant moved for reconsideration of sentence, but the motion was denied. She now appeals, challenging the sentence imposed as constitutionally excessive, challenging the failure to observe a delay between the denial of the motion for post-verdict judgment of acquittal and sentencing, and challenging the restriction of parole. For the following reasons, we affirm the conviction and habitual offender adjudication, vacate the sentence, and remand for resentencing.

## FACTS

On March 4, 2020, the Livingston Parish Sheriff's Office executed a search warrant for the residence and property of Charles Sullivan in Livingston Parish. During the search, the police officers discovered defendant in her bedroom with three young children between the ages of three and five years old. After being advised of her **Miranda**[3] rights, defendant

---

[1] Predicate #1 was set forth as defendant's March 25, 2013 no contest plea, under Twenty-first Judicial District Court docket #28549, to possession of methamphetamine, a schedule II CDS. Predicate #2 was set forth as defendant's May 5, 2014 no contest plea, under Twenty-first Judicial District Court docket #30705 to creation or operation of a clandestine laboratory (count I), and possession of methamphetamine, a schedule II CDS (count II).

[2] The transcript of the habitual offender hearing contains two statements reflecting the trial court's belief that defendant's motion for post-verdict judgment of acquittal had been resolved on a previous date; however, there is nothing in the record supporting those statements, and the State concedes in its appellate brief that the motion for post-verdict judgment of acquittal was denied on the same day the sentence was imposed. Thus, it appears that the trial court's belief that defendant's motion for post-verdict judgment of acquittal had been resolved on a previous date was incorrect. Regardless, the trial court definitively denied the post-verdict judgment of acquittal during the hearing by explicitly stating, "Just out of an abundance of caution, the Court will just state again for the record that that motion is denied."

[3] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

indicated there were narcotics in a lunch box in the closet. The lunch box contained a digital weight scale, plastic bags with approximately fifteen grams of suspected methamphetamine, a small bag containing methamphetamine, a methamphetamine smoking pipe, numerous small plastic bags, and a plastic spoon. Thereafter, defendant admitted that she and Charles Sullivan had been distributing methamphetamine.

## EXCESSIVE SENTENCE

In assignment of error number 1, defendant contends the sentence imposed was constitutionally excessive considering the facts and circumstances of the case and her background. In assignment of error number 2, she contends the trial court erred in denying the motion to reconsider sentence because the sentence was excessive. She combines these assignments of error for purposes of argument. She argues that neither her predicate offenses nor the unanimous verdict should have been considered aggravating factors. Additionally, she argues that the trial court failed to set forth the aggravating and mitigating factors considered. Our disposition of assignment of error number 3 causes us to pretermit consideration of these assignments of error.

## FAILURE TO OBSERVE DELAY

In assignment of error number 3, defendant contends the trial court failed to observe a twenty-four-hour delay between the denial of the motion for post-verdict judgment of acquittal and sentencing. She argues in the absence of an express waiver, she was entitled to a twenty-four-hour delay between the denial of the motion for post-verdict judgment of acquittal and sentencing. The State concedes that this assignment of error has merit, and we agree.

Louisiana Code of Criminal Procedure article 873 mandates that a sentence shall not be imposed until at least twenty-four hours after a motion for new trial, or in arrest of judgment, is overruled, unless "the defendant expressly waives" the required delay or pleads guilty. See **State v. Landry**, 2019-0486 (La.App. 1 Cir. 2/21/20), 297 So.3d 8, 22. Although LSA-C.Cr.P. art. 873 does not explicitly mandate that a sentence shall not be imposed until at least twenty-four hours after a motion for post-verdict judgment of acquittal is overruled, this Court has previously applied the twenty-four hour delay required by LSA-C.Cr.P. art. 873 to motions for a post-verdict judgment of acquittal. See

3

**State v. Landry**, 297 So.3d at 22 n.5. Where a defendant does not expressly waive the delay required by LSA-C.Cr.P. art. 873 and challenges the sentence on appeal, the sentence must be vacated and the matter must be remanded so that a sentence can be legally imposed. **State v. Gardner**, 2016-0192 (La. App. 1 Cir. 9/19/16), 204 So.3d 265, 270. Nevertheless, the Louisiana Supreme Court has indicated that in the absence of prejudice to the defendant, such as when the sentence is mandatory, reversal of the sentence is not warranted.[4] See **State v. Seals**, 95-0305 (La. 11/25/96), 684 So.2d 368, 380, cert. denied, 520 U.S. 1199, 117 S. Ct. 1558, 137 L.Ed. 2d 705 (1997).

In the instant matter, the trial court denied defendant's motion for post-verdict judgment of acquittal during the same hearing at which defendant was adjudged and sentenced as an habitual offender. Consequently, the trial court did not observe the required twenty-four hour delay between denying defendant's motion for post-verdict judgment of acquittal and imposing defendant's sentence. (R. 590, 615-16). The record reflects that defendant did not expressly waive the delay, nor did she plead guilty. Moreover, the sentence imposed was not mandatory, and defendant has challenged her sentence on appeal. Accordingly, we are required to vacate the sentence and remand this matter for resentencing. See **State v. Gardner**, 204 So.3d at 270-71. This assignment of error has merit.

## ILLEGAL SENTENCE

In assignment of error number 4, defendant contends the trial court erred in ordering the sentence to be served without the possibility of parole. She argues the trial court had no authority to deny parole in this matter. The State concedes that this assignment of error has merit. We agree.[5]

Defendant's sentencing exposure was imprisonment, with or without hard labor, for not less than one year nor more than ten years, and a fine, at the discretion of the trial court, of not more than fifty thousand dollars. LSA-R.S. 40:967(B)(1)(a). Following defendant's adjudication as a third-felony habitual offender, her sentencing exposure

---

[4] The Supreme Court reasoned, "Delay or no delay, the sentence the judge was required to impose would have been the same. Thus, no prejudice could possibly have resulted from the failure of the court to comply with the delay." **State v. Seals**, 684 So.2d at 380.

[5] We address this assignment of error because it involves an issue that will be presented upon remand.

4

increased to imprisonment for a determinate term not less than one-half the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction, *i.e.*, imprisonment, at hard labor, for not less than five years nor more than twenty years without benefit of probation or suspension of sentence. See LSA-R.S. 15:529.1(A)(3)(a) & (G), & **State v. Bruins**, 407 So.2d 685, 687 (La. 1981) ("It is not a crime to be an habitual offender. The statute increases the sentence for a recidivist. The penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute."). Defendant was sentenced to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence. There was no authority to restrict parole in this matter.[6] Accordingly, this assignment of error has merit.

**CONVICTION AND HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.**

---

[6] The Child Endangerment Law (CEL), LSA-R.S. 40:967(B)(2)(b), provides for a minimum mandatory sentence of fifteen years without benefit of parole, probation, or suspension of sentence when the State proves that "a minor child twelve years of age or younger is present in the home, mobile home or other inhabited dwelling at the time of the commission of the offense[.]" In this matter, however, neither the amended indictment nor the verdict form referenced the presence of any children (or their ages) at the time of the offense. Nor did defendant admit that triggering fact. Further, the jury was not charged regarding the CEL. Thus, the CEL also provided no authority to restrict parole in this matter. See **Apprendi v. New Jersey**, 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435 (2000) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."); **Blakely v. Washington**, 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) ("[T]he 'statutory maximum' for **Apprendi** purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.").

STATE OF LOUISIANA

VERSUS

BRITTANY JOILE PALMER
SULLIVAN

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 KA 0561

 **HOLDRIDGE, J., respectfully concurs.**

I would not address assignment of error four regarding the trial court's order that the sentence be served without parole. This court is vacating the sentence and remanding for resentencing by the trial court. We should not be advising the trial court as to the manner or substance of the sentence to be imposed.