JUDE G. GRAVOIS, Judge.
 

 |2On December 6, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant, Carlos Fleming, with one count of simple burglary, a violation of LSA-R.S. 14:62. Defendant pled not guilty at arraignment. Thereafter, defendant filed various omnibus motions, including a Motion to Suppress Evidence, which was denied on June
 
 *636
 
 19, 2008.
 
 [1]
 
 On October 1, 2008, defendant withdrew his not guilty plea and pled guilty as charged. Defendant was sentenced to ten years imprisonment at hard labor to run concurrently with all other counts.
 
 [2]
 
 Defendant was granted an out-of-time appeal on July 28, 2010. This appeal followed. Defendant’s appointed appellate counsel has filed a brief, asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel has ^requested permission to withdraw as counsel of record for defendant. For the following reasons, we affirm defendant’s conviction and sentence and permit appointed counsel to withdraw as counsel of record for defendant.
 

 FACTS
 

 The State provided the following recitation of facts upon defendant’s plea of guilty:
 

 DISTRICT ATTORNEY:
 

 As to Case Number 07-6852, if this matter would have gone to trial, the State would have proven beyond a reasonable doubt that on July 19, 2007, within Jefferson Parish, the Defendant committed simple burglary of Bad-deaux’s [sic] Grocery. Located at 1321 Ames Boulevard.
 

 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [3]
 
 appointed appellate counsel has filed an
 
 Anders
 
 brief,
 
 [4]
 
 asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record for defendant.
 

 DISCUSSION
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly | ^ frivolous after a conscientious examination of it.
 
 [5]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S.
 
 *637
 
 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988). The Louisiana Supreme Court approved the procedure in
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel notes that defendant filed a pre-trial motion to suppress that was denied by the trial court, but, upon pleading guilty, defendant did not preserve his right to object to the rulings under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). Counsel indicates that |sthe plea form signed by defendant and the colloquy with the trial judge demonstrates that defendant was informed of and considered the rights he was waiving by pleading guilty, as well as the sentences that he would receive.
 

 Appellate counsel has filed a motion to withdraw as attorney of record that states that she has mailed defendant a copy of her brief. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until May 1, 2011 to file a
 
 pro se
 
 supplemental brief. Defendant filed a supplemental brief on April 21, 2011.
 

 The State filed a response to appellate counsel’s brief, noting that counsel has complied with
 
 Anders/Jyles
 
 and requesting that this Court affirm defendant’s conviction and sentence.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The true bill of information properly charged defendant. Also, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings, including his arraignment, guilty plea and sentencing.
 

 Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the
 
 |¿Boykin
 

 [6]
 

 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984).
 

 
 *638
 
 The record shows that defendant was aware he was pleading guilty to one felony count of simple burglary. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. Further, during the colloquy with the trial court, defendant indicated that he understood that he was waiving these rights. Defendant further indicated that he had not been forced, coerced^ or threatened to enter his guilty plea. He was also informed that his convictions could be used to enhance a penalty for any future conviction.
 

 Defendant was advised that he faced maximum possible sentence of twelve years at hard labor. During the colloquy, defendant was told that he would be sentenced to ten years at hard labor. He was also advised that the State would not file a multiple offender bill of information and that the court would recommend the Blue Walters Drug Treatment program. By signing the waiver of rights form, defendant also indicated that he understood the sentence he would receive. Defendant’s sentence falls within the sentencing ranges set forth in the respective statute and does not present any non-frivolous issues for appeal.
 

 17Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
 

 PRO SE ASSIGNMENT OF ERROR
 

 Defendant filed a supplemental brief, arguing that due to error patent, the conviction and/or sentence should be reversed. This Court routinely reviews the record for errors patent regardless of whether defendant makes such a request.
 
 [7]
 
 The review reveals no errors patent that require correction in this case.
 

 In' defendant’s
 
 pro se
 
 brief, in addition to requesting an error patent review, he appears to raise other issues. First, defendant appears to contend that the record does not support a factual basis for his conviction. However, a valid guilty plea waives the defendant’s right to question the merits of the State’s case.
 
 [8]
 
 Defendant further appears to contest the trial court’s ruling on his Motion to Suppress; however, as previously noted, defendant did not preserve his right to object to the ruling under
 
 State v. Crosby, supra.
 
 Accordingly, these issues have no merit.
 

 CONCLUSION
 

 For the foregoing reasons, defendant’s conviction and sentence are affirmed, and appointed counsel is permitted to withdraw as counsel of record for defendant.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED
 

 [1]
 

 . The record shows that defendant also filed a Motion to Suppress Confession. However, no ruling on this motion appears in the record. A defendant waives his outstanding pre-trial motions by pleading guilty without complaining that the trial court had neither heard nor ruled on them.
 
 State v. Corzo,
 
 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
 

 [2]
 

 . The record shows that defendant also pled guilty in case numbers 07-2788 and 07-2789 on that same date. However, those cases are unrelated to the present appeal.
 

 [3]
 

 . The procedure set forth in
 
 Beniamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [4]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La. 12/12/97), 704 So.2d 241, 242 (per curiam).
 

 [5]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [6]
 

 .
 
 Boykin
 
 v.
 
 Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [7]
 

 . LSA-C.Cr.P. art. 920;
 
 State
 
 v.
 
 Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 [8]
 

 .
 
 State v. Bourgeois,
 
 406 So.2d 550 (La.1981).