JUDE G. GRAVOIS, Judge.
| ^Defendant, Shantell K. Ivey, has appealed her convictions and sentences for two counts of distribution of cocaine in violation of La. R.S. 40:967(A). For the reasons that follow, we affirm defendant’s convictions and sentences, grant defendant’s appellate counsel’s motion to withdraw as counsel of record for defendant, and remand this matter with instructions.

PROCEDURAL HISTORY

On February 1, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of *351 distributing cocaine within 2,000 feet of a playground, violations of La. R.S. 40:981.3. On January 28, 2013, defendant pled guilty to two counts of distribution of cocaine, violations of La. R.S. 40:967(A), as alleged in an amended bill of information filed against defendant on that date. Also on that date, following a waiver of delays and pursuant to a plea agreement, defendant was sentenced to 15 years imprisonment at hard labor on each count, with the first two years of the sentences to be served | ¡.without the benefit of probation, parole, or suspension of sentence, with both sentences to run concurrently with each other, as well as with any other sentences defendant may have been serving at that time. Defendant was also given credit for time served. The State then filed a habitual offender bill of information against defendant, to which defendant stipulated to being a second felony offender. The trial court then vacated defendant’s original sentence on count one, and sentenced defendant to 15 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence for the first two years, and without the benefit of probation or suspension of sentence for the entire sentence. Defendant was also given credit for time served. Defendant’s enhanced sentence was ordered to run concurrently with her sentence imposed on count two.
Defendant’s pro se motion for an appeal was granted on March 6, 2013 and appellate counsel was appointed.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), appointed appellate counsel has filed an Anders[1] brief, asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed appellate counsel requests permission to withdraw as counsel of record for defendant.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support ptheir clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988). The Louisiana Supreme Court approved this procedure in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines that there are no non-frivolous issues for appeal, it may grant appellate counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant *352 the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel also indicates that defendant was informed of the sentences that she would receive, and was sentenced accordingly.
Appellate counsel has filed a motion to withdraw as attorney of record for defendant which states that she has mailed defendant a copy of her brief. Additionally, this Court sent defendant a letter by certified mail informing her that an Anders brief had been filed on her behalf and that she had until July 7, 2013 to file a pro se supplemental brief. Defendant has not filed a pro se brief.
IsThe State filed a response to appellate counsel’s brief, noting that the brief shows a complete and thorough recitation of the procedural history of the case, has complied with the procedure set forth in An-ders, and requests that this Court affirm defendant’s convictions and sentences.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The amended bill of information to which defendant pled properly charged defendant: it plainly, concisely, and definitely states the essential facts constituting the offenses charged, and cites the statute that defendant violated. It also sufficiently identifies defendant and the crimes charged. Also, as reflected by the minute entries and commitment, defendant appeared at the guilty plea proceedings and sentencing.
The record shows that defendant filed a pro se motion to quash; however, no ruling on this motion appears in the record. Regardless, a defendant waives his outstanding pre-trial motions by pleading guilty without complaining that the trial court had neither heard nor ruled on them. State v. Fleming, 11-135 (La.App. 5 Cir. 11/29/11), 80 So.3d 634, 638.
Defendant pled guilty as charged to the amended bill of information. If a defendant pleads guilty, he normally waives all non-jurisdietional defects in the proceedings leading up to the guilty plea, and precludes review of such defects, either by appeal or on post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or on post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[2] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La.1984).
In the present case, the plea colloquy and waiver of rights form shows that defendant was aware that she was pleading guilty to two counts of distribution of cocaine. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of her right to a jury trial, her right to confrontation, and her privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that she understood that she was waiving these rights by *353 pleading guilty. During the colloquy with the trial court, defendant responded affirmatively that she understood that she was waiving these rights. Defendant further indicated that she had not been forced, coerced, or threatened to enter her guilty pleas.
Defendant was advised that she faced a maximum possible sentence of 30 years imprisonment at hard labor for distribution of cocaine. During the colloquy, defendant was told that she would be sentenced to 15 years imprisonment at hard labor on each count, with the first two years of the sentences to be served without the benefit of probation, parole, or suspension of sentence. By signing the waiver of rights form, defendant also indicated that she understood the sentence she would receive for her pleas of guilty. With respect to defendant’s stipulation to the habitual offender bill of information, filed immediately after defendant’s original pleas and sentencing, the record once again shows that defendant was advised of and waived her habitual offender rights by signing the waiver of rights form for the 17habitual offender bill of information and in a colloquy by the trial court. Defendant was also advised of the sentence she would receive under the habitual bill: 15 years imprisonment at hard labor. Defendant indicated that she understood the sentence she would receive for stipulating to the habitual offender bill. The trial court then vacated the sentence he had previously imposed on defendant on count one, and then sentenced defendant as a second felony offender under La. R.S. 15:529.1 to 15 years imprisonment at hard labor, with the first two years to be served without the benefit of probation, parole, or suspension of sentence, and with the entire sentence to be served without the benefit of probation or suspension of sentence. The sentence was ordered to run concurrently with the sentence imposed on count two, and with any other sentence defendant may have been serving at that time. Defendant was also given credit for all time served.
Furthermore, La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, it is noted that defendant’s sentences fall within the sentencing ranges set forth in the respective statutes and do not present any non-frivolous issues for appeal.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, defendant’s convictions and sentences are hereby affirmed, and appellate counsel’s motion to withdraw as attorney of record for defendant is hereby granted.
| ^ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
First, we note that it is not clear from the record whether defendant was arraigned on the original or on the amended bill of information. Nevertheless, any error in not arraigning a defendant on all counts is waived by the defendant when he enters his guilty plea without objecting thereto. La.C.Cr.P. art. 555; State v. Clofer, 11-494 (La.App. 5 Cir. 11/29/11), 80 So.3d 639.
Next, it is noted that on the date of sentencing, the trial court’s original *354 sentence for counts one and two were 15 years on each count to run concurrently, with the first two years of each sentence to be served without the benefit of probation, parole, or suspension of sentence. The commitment indicates, however, that “[t]he sentence is to be served without the benefit of parole, probation or suspension of sentence.” The transcript prevails when there is a discrepancy between the commitment and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, this matter is remanded to the trial court for correction of the commitment regarding the restriction of benefits as to count two (ie., that only the first two years of the sentence imposed on count two, rather than the entire sentence imposed on count two, is to be served without the benefit of probation, parole, or suspension of sentence). On remand, the trial court is directed to make the appropriate entries on the commitment reflecting this correction and to direct the Clerk of Court to transmit the corrected commitment to the officer in charge of the institution to which defendant has been sentenced and to the Department of Correction’s Legal Department. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam). Because of the need for correction of the commitment, a copy of this opinion shall also be sent to the Clerk of Court of the trial court.

CONCLUSION

For the foregoing reasons, defendant’s convictions and sentences are hereby affirmed, defendant’s appointed appellate counsel’s motion to withdraw as counsel of record for defendant is hereby granted, and this matter is remanded to the trial court for the limited purpose of correcting the commitment as discussed above.

AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).