PER CURIAM.
11 Writ granted. In considering a “no merit” appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), according to the procedures set forth in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, the court of appeal properly conducted an independent review of the record but erred in sua sponte raising questions about defendant’s understanding of the sentencing consequences when he entered his guilty pleas in the absence of any specific complaint in that regard by defendant in his pro se brief, which assigned three errors, or by appellate counsel when asked specifically to address whether defendant knowingly and intelligently entered his guilty pleas, and in remanding the case for further evidentiary proceedings on voluntariness of the pleas. Cf. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158 (an appellate court errs in reversing a conviction and sentence for patent error in a guilty plea colloquy when a defendant makes no complaint in that regard). The order of remand is vacated. Defendant did complain in his pro se brief that he received ineffective assistance of counsel and the court of appeal, unable to address the merits of the claim on the extant appellate record, remanded for a | ¡Rearing on that claim as well in the interest of judicial economy, given that it had already ordered a hearing on the voluntariness of the guilty pleas. That remand order is also vacated. Defendant’s convictions and sentences are affirmed, and he is referred to post-conviction proceedings for any specific claims he may have regarding the voluntariness of the guilty pleas or the effectiveness of counsel.
HUGHES, J„ would deny.