PENZATO, J.
*5 The defendant, Ruben Van Dyke, was charged by grand jury indictment with second degree murder, a violation of Louisiana Revised Statutes 14:30.1. He initially pled not guilty and filed various counseled pre-trial motions. Pursuant to a plea agreement, the defendant withdrew his former plea and pled guilty to manslaughter, a violation of Louisiana Revised Statutes 14:31. The defendant was then sentenced to twenty-four years at hard labor. He did hot move for reconsideration of sentence. The defendant filed an untimely motion for appeal, which was granted. Contending that there are no non-frivolous issues upon which to support the appeal, appellate counsel filed a brief raising no assignments of error. The defendant filed a pro se brief raising two assignments of error. For the following reasons, we affirm the conviction and sentence and grant appellate counsel's motion to withdraw.
FACTS
Since the defendant pled guilty, the facts were not fully developed in this case. During the defendant's Boykin[1] hearing, the State indicated that on January 10, 2013, Baton Rouge Police Department officers were dispatched to Hollywood Street in reference to a shooting. Upon arrival, they observed a 2003 black Honda Accord that appeared to have been driven off of the roadway into an open field. Inside the vehicle was a black male, later identified as the victim Brandon Counts. The officers found the victim sitting in the driver's seat with multiple gunshot wounds. Police also observed cocaine with a street value of approximately $5,600.00 inside of the vehicle as well as a semi-automatic pistol on the floorboard. Officers interviewed Quentin Harris who advised them that on the date in question, he and the victim traveled to a shopping center to purchase cocaine from the defendant. Harris observed the victim and the defendant engage in a verbal dispute over the cocaine, and the defendant pulled a gun from his waistband. Harris pushed the defendant and fled the area on foot, but he heard multiple gunshots as he ran. Another witness told officers that he saw a black male enter a Chrysler Sebring after the shooting and the black male dropped a black hat that he was wearing as he fled the area. The DNA profile obtained from the hat was consistent with that of the defendant.
ANDERS BRIEF
Appellate counsel's brief contains no assignments of error and sets forth that it is filed to conform with State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam). Accordingly, appointed counsel requests to be relieved from further briefing in this case.
The procedure in Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), used in Louisiana, was discussed in State v. Benjamin , 573 So.2d 528, 529-31 (La. App. 4th Cir. 1990), sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), and expanded by the Louisiana Supreme Court in Jyles , 704 So.2d at 242. According to Anders, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with Jyles, appellate counsel must review not only the procedural history and the facts of the case, but must also provide "a *6 detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, 704 So.2d at 242 (quoting Mouton, 653 So.2d at 1177 ). When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Thomas, 2012-0177 (La. App. 1st Cir. 12/28/12), 112 So.3d 875, 878.
Here, appellate counsel has adequately complied with the requirements necessary to file an Anders brief. Appellate counsel reviewed the bill of information, the procedural history, the Boykin examination, and the factual basis for the plea. Appellate counsel concludes in his brief that there are no non-frivolous issues for appeal. Further, appellate counsel certifies that the defendant was served with a copy of the Anders brief and notified of his right to file a pro se brief.
In his pro se brief, the defendant first contends that his arrest warrant was invalid because it was not issued by a "neutral and detached magistrate." He complains that the same judge who issued his arrest warrant was the same judge presiding over his case. This argument is without merit. Pursuant to Louisiana Code of Criminal Procedure article 202(A), "A warrant of arrest may be issued by any magistrate[.]" A magistrate means "any judge, a justice of the peace, or a mayor of a mayor's court." La. Code Crim. P. art. 931(D).
The defendant also argues in his pro se brief that the district court was without jurisdiction to accept his plea because his indictment failed to charge him with the offense to which he pled guilty, manslaughter. This argument is also without merit. The indictment filed by the State on May 9, 2013, properly charged the defendant with second degree murder, a felony. See La. R.S. 14:30.1 & 14:2(A)(4). (R. 12). Thus, the district court had exclusive original jurisdiction. See La. Const. art. V, § 16(A)(2). Thereafter, the defendant entered a guilty plea to manslaughter pursuant to a plea agreement with the State. The defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment. La. Code Crim. P. art. 558. When the indictment charges second degree murder, guilty of manslaughter is a responsive verdict. La. Code Crim. P. art. 814(A)(3).
At the defendant's Boykin hearing, prior to the acceptance of his guilty plea, the district court informed him of the statutory elements and sentencing range for the offense. The defendant stated that he understood the offense and the sentencing range. The district court informed the defendant of his Boykin rights (right to trial by jury, right against compulsory self-incrimination, and right of confrontation), his right to an appeal, and that by pleading guilty, he would be waiving his rights. He indicated that he understood and waived his rights and accepted the State's factual basis. The defendant confirmed that he had not been intimidated, forced, or coerced to plead guilty. The district court imposed the sentence in accordance with the underlying statute.
This court has conducted an independent review of the entire record in this matter, including a review for error under Louisiana Code of Criminal Procedure article 920(2). Since the defendant pled guilty, our review of the guilty plea colloquy is limited by State v. Collins, 2014-1461 (La. 2/27/15), 159 So.3d 1040 (per curiam) and State v. Guzman, 99-1753 (La. 5/16/00), 769 So.2d 1158, 1162. We have found no reversible errors under Louisiana Code of Criminal Procedure article 920(2). Furthermore, we have found no non-frivolous *7 issues or district court rulings that arguably support this appeal. Accordingly, the defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw, which has been held in abeyance pending the disposition of this matter, is hereby granted.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).