STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0190

STATE OF LOUISIANA

VERSUS

HAROLD L. OLIVER

Judgment Rendered: **FEB 2 4 2021**

* * * * * * *

APPEALED FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF TANGIPAHOA
STATE OF LOUISIANA
DOCKET NUMBER 1402286, DIVISION "F"

HONORABLE ELIZABETH P. WOLFE, JUDGE

* * * * * * *

Scott M. Perrilloux
District Attorney
Zachary Daniels
Assistant District Attorney
Amite, Louisiana

Attorneys for Appellee
State of Louisiana

Prentice L. White
Louisiana Appellate Project
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Harold L. Oliver

BEFORE: McDONALD, HOLDRIDGE, and PENZATO, JJ.

**McDonald, J.**

The defendant, Harold L. Oliver, was charged by bill of information with distribution of a Schedule I controlled dangerous substance, N-Benzylpiperazine (BZP), a violation of La. R.S. 40:966(A)(1), and distribution of a Schedule II controlled dangerous substance, cocaine, a violation of La. R.S. 40:967(A)(1). See also La. R.S. 40:964 Schedule I(E)(5.1) and Schedule II(A)(4). He initially pled not guilty on both counts. The defendant filed a motion to suppress evidence and a motion to recuse the district attorney's office. Following a hearing on the motions, the trial court denied both motions.[1] Thereafter in 2019, in exchange for the State agreeing to forgo the filing of a habitual offender bill of information, the defendant withdrew his former not guilty pleas and pled nolo contendere as charged on both counts. The trial court sentenced the defendant to eight years imprisonment at hard labor on each count, to be served concurrently, suspended the sentences, and placed the defendant on three years of supervised probation and three years of home incarceration with special conditions.[2] No rulings were preserved for appeal pursuant to **State v. Crosby**, 338 So.2d 584, 591 (La. 1976).

Stating that there are no non-frivolous issues upon which to support the appeal, the appellate counsel filed a brief raising no assignments of error and a

---

[1] The record shows that the defendant also filed a motion to quash; however, no ruling on this motion appears in the record. Nonetheless, a defendant waives his outstanding pretrial motions by pleading guilty without complaining that the trial court had neither heard nor ruled on them. **State v. Hayes**, 2011-1241 (La. App. 1st Cir. 2/13/12), 2012 WL 440459, at *3; **State v. Fleming**, 2011-135 (La. App. 5th Cir. 11/29/11), 80 So.3d 634, 636 n.1.

[2] As special conditions, the defendant was ordered to do the following: appear in court on January 14, 2020, for monitoring; submit to random drug screening at the defendant's expense; and pay a $150 public defender fee, a $100 collection fee, a $100 fine, court costs, a $60 per month probation and parole supervision fee, and a $65 probation and parole intake fee. All fees and costs were ordered to be paid within three years.

motion to withdraw as counsel of record.[3] For the following reasons, we affirm the convictions and sentences and grant the appellate counsel's motion to withdraw.

## STATEMENT OF FACTS

Since the defendant pled no contest on both counts, the facts were not fully developed in this case. According to the testimony presented at the preliminary examination and motion to suppress hearings, along with police reports, affidavits, and Louisiana State Police Crime Laboratory testing results, the following took place. On May 7, 2013, Agent Victor Marler, an undercover agent with the Tri-Parish Narcotics Task Force, executed a narcotic transaction at Midway Flea Market & Tire, located at 318 SW Railroad Avenue in Hammond, by purchasing from the defendant four individual unit doses of BZP and a clear plastic bag containing powder cocaine for eighty-five dollars. The transaction was monitored by other task force agents and purportedly captured on audio and video.[4]

## ANDERS BRIEF

Appellate counsel for the defendant has filed a brief containing no assignments of error and requests this court to grant his motion to withdraw as counsel of record. In his brief and motion to withdraw, referencing the procedures outlined in **State v. Jyles**, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), the appellate counsel indicated that after a conscientious and thorough review of the record, he could find no non-frivolous issues to raise on appeal, and could find no ruling of the trial court that arguably supports the appeal.

---

[3] The sole issue presented by the appellate counsel is whether the record reveals any errors patent such that the defendant's convictions and sentences should be reversed.

[4] The record contains a letter signed by Carol Morse, the Tri-Parish Narcotics Task Force evidence custodian, indicating that there was an equipment malfunction and a recording was not obtained. However, the State maintained that the recording existed, consistent with testimony presented by Agent Marler at the hearing on the motion to suppress the recording. The defense challenged the admission of the recording based in part on the statement of the evidence custodian and the chain of custody of the evidence. In denying the motion to suppress, the trial court noted the authenticity of the evidence could be reasserted at trial by objection and that the weight of the evidence would be an issue for a jury to decide.

3

The procedure in **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), used in Louisiana, was discussed in **State v. Benjamin**, 573 So.2d 528, 529-31 (La. App. 4th Cir. 1990), sanctioned by the Louisiana Supreme Court in **State v. Mouton**, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), and expanded by the Louisiana Supreme Court in **Jyles**, 704 So.2d at 242. According to **Anders**, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with **Jyles**, appellate counsel must review not only the procedural history of the case and the evidence presented at trial, but must also provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." **Jyles**, 704 So.2d at 242 (quoting **Mouton**, 653 So.2d at 1177).

When conducting a review for compliance with **Anders**, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. **State v. Dyke**, 2017-1303 (La. App. 1st Cir. 2/27/18), 244 So.3d 3, 6, writ denied, 2018-0622 (La. 2/18/19), 266 So.3d 285. Herein, the appellate counsel has complied with all the requirements necessary to file an **Anders** brief. Specifically, the appellate counsel has detailed the procedural history, the plea colloquy, and sentencing in this case. Further, the appellate counsel certifies that the defendant was served with a copy of the **Anders** brief, which requests that the defendant be permitted to file a pro se brief supporting his motion for appeal, if he elects to do so. The appellate counsel's motion to withdraw notes the defendant has been notified of the motion to withdraw and his right to file a pro se brief on his own behalf. Further, this court provided the defendant with notice of the pro se briefing schedule. The defendant has not filed

4

a pro se brief in this case. The State filed a brief, agreeing with the appellate counsel that the convictions and sentences are without defect.

As stated, the defendant in this case pled no contest.[5] A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. **State v. Tingle**, 2012-1928 (La. App. 1st Cir. 6/7/13), 2013 WL 2484316, at *2. An unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto and precludes their review by either appeal or post-conviction relief. **State v. Curry**, 2017-0793 (La. 4/20/18), 240 So.3d 909 (per curiam); **Crosby**, 338 So.2d at 588; **State v. West**, 2018-0868 (La. App. 1st Cir. 5/31/19), 277 So.3d 1213, 1216. A trial court may permit the withdrawal of a guilty plea after sentencing only if it finds that the guilty plea is constitutionally infirm. A guilty plea is constitutionally infirm if it was not entered freely and voluntarily, if the **Boykin**[6] colloquy is inadequate, or if the defendant was induced to plead guilty by a plea bargain that was not kept. **Tingle**, 2013 WL 2484316, at *2.

At the **Boykin** hearing in this case, the trial court asked the defendant a series of questions, including inquiries as to his date of birth, level of education, ability to read and write, employment, and skills. The defendant indicated that he had a ninth-grade education, that he was able to read and write, and that he had skills as a cook. The trial court informed the defendant of the charges in this case and the statutory elements of the offenses by reading the corresponding statutes.[7] The trial court asked the defendant if he understood the charges and wished to plead no contest, and the defendant responded positively.

---

[5] A plea of no contest is equivalent to an admission of guilt and is treated as a guilty plea. See **State v. Gordon**, 2004-0633 (La. App. 1st Cir. 10/29/04), 896 So.2d 1053, 1061, writ denied, 2004–3144 (La. 4/1/05), 897 So.2d 600.

[6] **Boykin v. Alabama**, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

[7] As will be discussed in noting patent sentencing error, as to each count, the trial court read and applied provisions affording more lenient sentencing ranges, which took effect after the instant offenses were committed, resulting in the imposition of illegally lenient sentences.

Prior to the acceptance of the no contest pleas, the trial court informed the defendant of his **Boykin** rights (right to trial by jury, right against compulsory self-incrimination, and right of confrontation), his right to an appeal, and that by pleading no contest, he would be waiving his rights. The defendant indicated that he understood those rights and further indicated that he understood that he was waiving those rights by pleading no contest. The defendant agreed that it was in his best interest to plead no contest and denied that he had been threatened or promised any leniency.

Regarding a plea bargain, the State noted that the defendant had prior convictions and that it would not file a habitual offender bill of information regarding the defendant's plea. The defense counsel confirmed that she had advised the defendant of the nature of the charges and his constitutional rights, and she believed that he understood his rights. The defendant denied having any questions for his counsel, the State, or the trial court.

This court has conducted an independent review of the entire record in this matter. We recognize that our review of the plea colloquy is subject to the restraints of **State v. Collins**, 2014-1461 (La. 2/27/15), 159 So.3d 1040 (per curiam) and **State v. Guzman**, 99-1528 (La. 5/16/00), 769 So.2d 1158, 1162. We conclude there are no non-frivolous issues or trial court rulings which arguably support this appeal. As requested by the defendant's attorney and as routinely performed on appeal, this court has conducted a review for patent error under La. Code Crim. P. art. 920(2). We have found no reversible errors under La. Code Crim. P. art. 920(2).

While we have found no reversible errors, we do find that the imposed sentences are illegally lenient. As provided by the applicable statutes at the time of the offenses, on count one at least five years of the sentence were to be served

without the benefit of probation, parole, or suspension of sentence, and on count two, the first two years of the sentence were to be served without the benefit of probation, parole, or suspension of sentence. La. R.S. 40:966(B)(2) (prior to amendment by 2017 La. Acts, No. 281, § 2); La. R.S. 40:967(B)(4)(b) (prior to amendment by 2017 La. Acts, No. 281, § 2). However, the trial court suspended the sentences in their entirety, without requiring that any prison time be served. Nonetheless, as the sentencing errors herein are favorable to the defendant, are not inherently prejudicial, and have not been raised by the State either in the trial court or on appeal, we are not required to take any action. Thus, we decline to correct the sentences. See **State v. Singleton**, 2010-1130 (La. App. 1st Cir. 2/11/11), 2011 WL 2135171 n.1; **State v. Price**, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007–0130 (La. 2/22/08), 976 So.2d 1277.

Accordingly, the defendant's convictions and sentences are affirmed. Appellate counsel's motion to withdraw, which has been held in abeyance pending the disposition in this matter, is hereby granted.

**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**