## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2022 KA 1104

STATE OF LOUISIANA

VERSUS

JOSEPH "JOEY" EARL SYLVE

Judgment Rendered: **FEB 2 4 2023**

\* \* \* \* \* \*

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 4137-F-2019
Honorable Vincent J. Lobello, Judge Presiding

\* \* \* \* \* \*

Warren L. Montgomery
District Attorney
J. Bryant Clark, Jr.
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana

Bertha M. Hillman
Covington, Louisiana

Counsel for Defendant/Appellant
Joseph "Joey" Earl Sylve

\* \* \* \* \* \*

**BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.**

Wolfe, J. concurs.

**GUIDRY, C.J.**

The defendant, Joseph "Joey" Earl Sylve, was charged by bill of information with second degree kidnapping, a violation of La. R.S. 14:44.1(A)(3), and initially pled not guilty. Thereafter, the defendant withdrew his former not guilty plea and pled guilty as charged. The trial court sentenced the defendant to ten years imprisonment at hard labor, with eight years to be served without the benefit of probation, parole, or suspension of sentence. The defendant filed a motion to reconsider sentence, which the trial court denied. The defendant's trial counsel filed a motion for appeal on behalf of the defendant. Stating that she could not find any non-frivolous issues to raise or rulings to challenge on appeal, appellate counsel filed a brief raising no assignments of error and a motion to withdraw as counsel of record. For the following reasons, we affirm the conviction and sentence and grant appellate counsel's motion to withdraw.

## STATEMENT OF FACTS

At the Boykin[1] hearing, the defendant stipulated that there was a factual basis for the offense to which he pled guilty. According to the bill of information, the offense took place on or about October 16, 2019. As further provided in the bill of information, the victim, D.M., was physically injured or sexually abused in the commission of the instant offense.[2] See La. R.S. 14:44.1(A)(3). The lead investigator assigned to this case, Detective Thomas McNulty with the Slidell Police Department, testified at the sentencing hearing. According to Detective McNulty, earlier in the evening on the day of the kidnapping, a patrol officer responded to the Motel 6 in Slidell, based on a 911 call by D.M. During the 911 call, D.M. reported that the defendant, her ex-boyfriend, was at the motel where

---

[1] Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

[2] Herein, we will refer to the victim by her initials only. See La. R.S. 46:1844(W).

2

she worked and refused to leave. Upon his arrival, the patrol officer confronted the defendant. After providing a false name, the defendant left.

However, the defendant later returned, jumped over the motel counter, and dragged D.M. outside of the lobby as she yelled for help, prompting bystanders to call 911. The officers were able to ping the defendant's cell phone location, which indicated that he was headed toward the New Orleans area. Multiple officers responded to the Press Street area, where the defendant's vehicle appeared to have been stopped or slowed based on pings in that general vicinity. One of the detectives located the defendant's vehicle, a red or maroon Jeep, and pulled up next to it. The defendant, the driver and sole occupant at the time, asked the detective if he had seen "a white girl" walking around. The detective called for backup and followed the defendant in a brief pursuit, as the defendant repeatedly yelled D.M.'s name out his window. The defendant stopped and exited his vehicle, did not comply with commands, and was taken to the ground. Several items were found in the defendant's vehicle, including a gun, a shovel, rope, and tape. D.M., who was barefoot, shirtless, and had visible scratches, bruises, and a bite mark, ran out from behind some bushes and screamed for help after hearing the police radio coming from inside the officer's vehicles.

## ANDERS BRIEF

Appellate counsel for the defendant filed a brief containing no assignments of error and requests that this court grant her motion to withdraw as counsel of record. In her brief and motion to withdraw, referencing the procedures outlined in State v. Jyles, 96-2669 (La. 12/12/97), 704 So. 2d 241 (per curiam), appellate counsel indicated that after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal, and could find no ruling of the trial court that arguably supports the appeal.

3

The procedure in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) was discussed in State v. Benjamin, 573 So. 2d 528, 529-31 (La. App. 4th Cir. 1990), sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So. 2d 1176, 1177 (per curiam), and expanded by the Louisiana Supreme Court in Jyles, 96-2669 at p. 3, 704 So. 2d at 242. Specifically, according to Anders, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with Jyles, appellate counsel must review not only the procedural history of the case and the evidence presented at trial, but must also provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, 96-2669 at p. 3, 704 So. 2d at 242 (quoting Mouton, 95-0981 at p. 2, 653 So. 2d at 1177).

When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Dyke, 17-1303, p. 3 (La. App. 1st Cir. 2/27/18), 244 So. 3d 3, 6, writ denied, 18-0622 (La. 2/18/19), 266 So. 3d 285. Herein, appellate counsel has complied with all the requirements necessary to file an Anders brief. Specifically, appellate counsel detailed the procedural history, the guilty plea colloquy, and sentencing in this case. Further, appellate counsel certifies that the defendant was served with a copy of the Anders brief. This court provided the defendant with notice of the pro se briefing schedule. The defendant has not filed a pro se brief in this case.

As stated, the defendant entered an unqualified plea of guilty in this case. A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Tingle, 12-1928, p. 4 (La. App. 1st Cir. 6/7/13), 2013 WL 2484316, *2. An unqualified plea of guilty waives all non-jurisdictional defects

4

occurring prior thereto, and precludes their review thereof by either appeal or post-conviction remedy. State v. Curry, 17-0793, p. 1 (La. 4/20/18), 240 So. 3d 909 (per curiam); State v. Crosby, 338 So. 2d 584, 588 (La. 1976); State v. West, 18-0868, pp. 4-5 (La. App. 1st Cir. 5/31/19), 277 So. 3d 1213, 1216. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or on post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Tingle, 12-1928 at p. 4, 2013 WL 2484316 at *2.

At the Boykin hearing in this case, the trial court noted that in exchange for the defendant's guilty plea, an agreed-upon sentencing range of seven to ten years would be imposed. The trial court then asked the defendant a series of questions, including inquiries as to his age, mental condition, level of education, ability to read, write, and understand English, and advice given by counsel. The defendant indicated that he was thirty-nine years old; had a master's degree; that he was able to read, write, and understand English; and that he had been advised of his rights and the agreed-upon sentencing range by counsel. The defendant denied being under the influence of any drugs, alcohol, or other mind-altering substance. The defendant further denied being forced or coerced to plead guilty. The trial court informed the defendant of the elements of the offense and of his constitutional rights (right to trial by jury, right against compulsory self-incrimination, and right of confrontation). Boykin, 395 U.S. at 243, 89 S.Ct. at 1712. The trial court further informed the defendant of the State's burden of proof at a trial, his right to an attorney at trial, his right to appeal if found guilty at trial, and his right to an attorney on appeal if found guilty at trial. The defendant indicated that he understood each individual right, that he understood that he was waiving those

5

rights by pleading guilty, and that he wished to do so. The trial court advised the defendant that if he pled guilty he would be sentenced according to the agreed-upon sentencing range and would not be able to appeal that sentence. The defendant responded affirmatively when asked if he was pleading guilty because he was in fact guilty. The trial court then accepted the defendant's guilty plea.

This court has conducted an independent review of the entire record in this matter. We recognize that our review of the plea colloquy is subject to the restraints of State v. Collins, 14-1461, p. 1 (La. 2/27/15), 159 So. 3d 1040 (per curiam) and State v. Guzman, 99-1753, 99-1528, pp. 6-7 (La. 5/16/00), 769 So. 2d 1158, 1162. We further note that La. C.Cr.P. art. 881.2(A)(2) provides that the "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." We conclude there are no non-frivolous issues or trial court rulings which arguably support this appeal. As routinely performed on appeal, this court has conducted a review for patent error under La. C.Cr.P. art. 920(2) and found none. Accordingly, the defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw, which has been held in abeyance pending the disposition in this matter, is hereby granted.

**CONVICTION AND SENTENCE AFFIRMED; APPELLATE COUNSEL'S MOTION TO WITHDRAW GRANTED.**